IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ADKISON, LANITA AKDISON, BRITTANY KING, Individually and as Representative of the Estate of RYAN KING, and as next friend for BRITTON S. KING and BECKHAM A. KING, Minors, and HOLLY ADKISON, Individually and as Representative of the Estate of BRYSON ADKISON, and as next friend for KENNEDY G. ADKISON, a Minor<br>      Plaintiffs,<br><br>vs.<br><br>POLARIS INDUSTRIES, INC., ("Polaris Industries"), POLARIS INDUSTRIES, INC., ("Polaris of Delaware"), POLARIS SALES, INC., ("Polaris Sales"),  HAYES PERFORMANCE SYSTEMS, INC., HB PERFORMANCE SYSTEMS, INC., HB PERFORMANCE SYSTEMS HOLDINGS, LLC, and HAYES BRAKE, LLC, ("collectively referred to as HAYES BRAKE")<br>      Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CA NO. 2:13-CV-00179-JRG<br><br>**Jury Trial Requested** |

**PLAINTIFFS' COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, GARY ADKISON, LANITA AKDISON, BRITTANY KING, Individually and as  Representative of the Estate of Ryan King, and as next friend for BRITTON KING and BECKHAM KING, Minors, and HOLLY ADKISON, Individually and as Representative of the Estate of  BRYSON ADKISON, and as next friend for KENNEDY ADKISON, a Minor, Plaintiffs herein, and file this Complaint against Defendants, POLARIS INDUSTRIES, INC., ("Polaris Industries"), POLARIS INDUSTRIES, INC., ("Polaris of

1

Delaware"), POLARIS SALES, INC., ("Polaris Sales"), HAYES PERFORMANCE SYSTEMS, INC., HB PERFORMANCE SYSTEMS, INC., HB PERFORMANCE SYSTEMS HOLDINGS, LLC and HAYES BRAKE, LLC., ("collectively referred to as HAYES BRAKE") and respectfully show the Court as follows:

## A. PARTIES

1.  Plaintiff, Gary Adkison is a natural person who resides in Nacogdoches County, Texas and is a citizen of Texas.

2.  Plaintiff LaNita Adkison is a natural person who resides in Nacogdoches County, Texas and is a citizen of Texas.

3.  Brittany King, Individually and as Representative of the Estate of Ryan King, and as next friend for Britton King and Beckham King, Minors, is a natural person who resides in Nacogdoches County, Texas and is a citizen of Texas.

4.  Holly Adkison, Individually and as Representative of the Estate of Bryson Adkison, and as next friend for Kennedy Adkison, a Minor, is a natural person who resides in Nacogdoches County, Texas and is a citizen of Texas.

5.  Polaris Industries, Inc. ("Polaris Industries"), is a Minnesota corporation with its principal place of business in Minnesota. Polaris Industries does business in Texas and is subject to personal jurisdiction in Texas. Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for service of process. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State then forwarding a copy of the process by registered mail, or by certified mail, return receipt requested, to Polaris Industries' home office: Scott W. Wine, Chief Executive Officer, Polaris Industries, Inc., 2100 Highway 55, Medina, Minnesota 55340.

6. Polaris Industries, Inc. ("Polaris of Delaware"), is a Delaware corporation with its principal place of business in Minnesota. Polaris of Delaware does business in Texas and is subject to personal jurisdiction in Texas. It may be served with process through its registered agent: CT Corporations System 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. Polaris Sales, Inc. ("Polaris Sales"), is a Minnesota corporation with its principal place of business in Minnesota. Polaris Sales does business in Texas and is subject to personal jurisdiction in Texas. It may be served with process through its registered agent: CT Corporations System 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8. Hayes Performance Systems, Inc., (collectively referred to as "Hayes Brake"), is a foreign corporation with its principal place of business in Wisconsin at 5800 W. Donges Bay Rd, Mequon, Wisconsin. Hayes Brake does business in Texas and is subject to personal jurisdiction in Texas. Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for service of process. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State forwarding a copy of the process by registered mail, or by certified mail, return receipt requested, to Hayes Performance Systems, Inc., Chief Executive Officer, Phil Malliet at 5800 W. Donges Bay Rd, Mequon, Wisconsin 53092.

9. HB Performance Systems, Inc., (collectively referred to as "Hayes Brake"), is a foreign corporation with its principal place of business in Wisconsin at 5800 W. Donges Bay Rd, Mequon, Wisconsin. Hayes Brakes does business in Texas and is subject to personal jurisdiction in Texas. Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for service of process. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of

State forwarding a copy of the process by registered mail, or by certified mail, return receipt requested, to HB Performance Systems, Inc., Chief Executive Officer, Phil Malliet at 5800 W. Donges Bay Rd, Mequon, Wisconsin 53092.

10. HB Performance Systems Holdings, LLC, (collectively referred to as "Hayes Brake"), is a foreign corporation with its principal place of business in Wisconsin at 5800 W. Donges Bay Rd, Mequon, Wisconsin. Hayes Brake does business in Texas and is subject to personal jurisdiction in Texas. Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for service of process. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State forwarding a copy of the process by registered mail, or by certified mail, return receipt requested, to HB Performance Systems Holdings, LLC, Chief Executive Officer, Phil Malliet at 5800 W. Donges Bay Rd, Mequon, Wisconsin 53092.

11. Hayes Brake, LLC, (collectively referred to as "Hayes Brake"), is a foreign corporation with its principal place of business in Wisconsin at 5800 W. Donges Bay Rd, Mequon, Wisconsin. Hayes Brake does business in Texas and is subject to personal jurisdiction in Texas. Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for service of process. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State forwarding a copy of the process by registered mail, or by certified mail, return receipt requested, to Hayes Brake, LLC., Chief Executive Officer, Phil Malliet at 5800 W. Donges Bay Rd, Mequon, Wisconsin 53092.

## B. JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. §1132, as this is a claim between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in such district. Specifically, this claim arises in large part from the negligent and/or defective manufacture of the RZR 4 800 and its braking system. On information and belief, Polaris maintains a primary wholegoods distribution facility in Irving, Texas. It is at this facility that the Defendants perform final manufacture completion, set-up and fitting for its products including their line of performance, utility and recreational utility terrain vehicles (UTV) as well as their line of all terrain vehicles (ATV).

## C. FACTS

13. Polaris designed and manufactured the 2011 Polaris RZR 4 800 at issue, which incorporated a braking system manufactured by the Hayes Defendants.

14. On August 16, 2016, the Adkison family was on vacation in Silverton, Colorado. Gary Adkison drove the 2011 Polaris RZR 4 800. His wife, LaNita Adkison, his son, Bryson Adkison, and his son-in-law Ryan King were passengers. While operating the vehicle in the vicinity of Corkscrew Pass, they began to experience problems with the transmission. Ultimately the transmission failed stranding them and the vehicle.

15. As a result of the transmission failure, the Adkison family was forced to manually descend from the pass with the vehicle in a neutral gear. They were attempting to guide the UTV to an area where they would then be able to summon help to both allow them to return to their campground and retrieve the UTV with a trailer.



16. As they were ascending the mountain trail, suddenly and without warning, the Polaris brakes completely failed. Unbeknownst to the Adkison family, the vehicle was designed without any failsafe mechanism that would allow them to bring the UTV safely to a stop. Left with absolutely no braking function, the Polaris quickly gained speed and careened out of control. As the vehicle approached the final bend in the roadway, Mr. Adkison was unable to negotiate the corner due to the lack of braking control. As a result, the UTV left the roadway and crashed down a 75-foot ravine and coming to rest in Cement Creek, pictured below. Bryson Adkison and Ryan King were killed as a result of the crash. Additionally, LaNita and Gary Adkison were severely injured.

 

17. The Polaris braking system is defectively designed and marketed. Defendant designed and manufactured the RZR 4 800 with a Hayes hydraulic braking system. Specifically, the braking mechanism utilized by the defendants in the design of the braking system are inadequate. The 2011 Polaris RZR and its hydraulic braking system, which includes the brake fluid, front and rear brake calipers, friction pads, brake lines and hoses, brake master cylinder and other components, were defective and unreasonably dangerous due to the brake fluid in the hydraulic brake system vaporizing due to it exceeding its boiling point due to insufficient thermal capacity and insufficient cooling capacity of the rear and front brake systems which caused the generation of compressible gas within the hydraulic brake system, which caused excessive brake pedal travel along with inadequate or non-existent brake fluid pressure, comprising brake system failure. This in turn caused the Polaris to roll several times down the ravine.

18. As a result of the Polaris brake failure, an East Texas family was destroyed.

 

As a direct and proximate result of the incident, the Polaris RZR and its braking system, and the subject Defendants' conduct, Bryson and Ryan lost their lives, and LaNita and Gary were badly injured.

### D. Count 1—Negligence and Gross Negligence

19. Defendants were negligent and grossly negligent in the design and assembly of its RZR 4 800 and its braking system. All paragraphs above are adopted as if set forth fully. Specifically, defendants were negligent when they designed and manufactured the RZR 4 800 with a Hayes hydraulic braking system. The RZR was purchased and operated by Gary Adkison. The negligence involved the design and manufacture of the braking system and the RZR 4 800. The negligence of defendants affected the design, manufacture and marketing of the RZR 4 800. Defendant failed to provide adequate warnings and instructions to the end users of the RZR 4 800. Additionally, defendant was negligent in failing to warn its customers of known defects in the braking system of the RZR 4 800 and by failing to issue any notice whatsoever after the source of

those defects became apparent through a pattern of warranty claims and an internal engineering investigation.

20. Defendants' acts or omissions, when viewed objectively from the defendant's standpoint at the time it occurred, involved an extreme degree of risk, including a likelihood of serious injury, considering the probability and magnitude of the potential harm to others. Defendants' had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety or welfare of others. Defendants actions therefore constituted gross negligence.

### E. Count 2—Manufacturing Defect

21. Defendants placed into the stream of commerce the Adkison RZR 4 800, where upon information and belief, the defendant improperly installed, assembled and manufactured its RZR 4 800 in its Irving, Texas plant. The defect in manufacturing of its RZR 4 800 involved the braking system. The 2011 Polaris RZR and its hydraulic braking system, which includes the brake fluid, front and rear brake calipers, friction pads, brake lines and hoses, brake master cylinder and other components, were defective and unreasonably dangerous due to the brake fluid in the hydraulic brake system vaporizing due to it exceeding its boiling point due to insufficient thermal capacity and insufficient cooling capacity of the rear and front brake systems which caused the generation of compressible gas within the hydraulic brake system, which caused excessive brake pedal travel along with inadequate or non-existent brake fluid pressure, comprising brake system failure. This in turn caused the braking system to suddenly and without warning fail, resulting in the RZR losing control and rolling over multiple times down a steep embankment, resulting in severe injuries and fatalities to its passengers. The braking system used by the defendant was defective causing the RZR to be unreasonably dangerous after installation in Irving, Texas. The

RZR contained a manufacturing defect rendering it unreasonably dangerous at the time it left the hands of the defendant and a producing cause of the incident, deaths and severe injuries of plaintiffs.

### F. Count 3—Design Defect

22. The defendants' design of the 2011 Polaris RZR and its hydraulic braking system were defective. All paragraphs above are adopted and realleged as if set forth fully. The 2011 Polaris RZR and its hydraulic braking system, which includes the brake fluid, front and rear brake calipers, friction pads, brake lines and hoses, brake master cylinder and other components, were defective and unreasonably dangerous due to the brake fluid in the hydraulic brake system vaporizing due to it exceeding its boiling point due to insufficient thermal capacity and insufficient cooling capacity of the rear and front brake systems which caused the generation of compressible gas within the hydraulic brake system, which caused excessive brake pedal travel along with inadequate or non-existent brake fluid pressure, comprising brake system failure. This incident and the improper assembly of the braking system was foreseeable and could have easily been avoided by a simple safety design that would not have allowed the RZR 4 800 to suddenly experience a catastrophic boiling of brake fluid, allowing the brakes to fail and resulting in deaths and severe injury as described above. The design defect rendered the product unreasonably dangerous and a producing cause of the injuries and death in question at the time it left the hands of the defendant. Therefore, the defendants are strictly liable. A safer alternative design not only existed but was implemented into other Polaris products. Defendants failed to utilize the safer alternative design which was both technologically and economically feasible at the time the product was introduced into the stream of commerce.

### G.  Count 4—Marketing Defect

23. The defendant had a duty to the end users of the RZR 4 800 to provide adequate warnings and instructions to apprise the consumer of its dangerous propensities and practical ways of avoiding them.  The defendant had a duty, upon learning about a pattern of warranty claims evidencing a particular problem in the assembly and improper installation of brake system on the RZR manufactured and/or assembled at the Irving, Texas plant, to issue notification to the consumers who purchased these units.

### H. DAMAGES

24. As a proximate result of Defendants' negligence, Plaintiffs have suffered personal injuries and seek damages herein.  Plaintiffs, Gary Adkison suffered bodily injuries from the crash.  Plaintiff has also suffered mental anguish, loss of consortium and loss of household services as result of the injuries suffered by LaNita Adkison in the crash.  Plaintiff Gary Adkison seeks damages as follows:

   a. Physical pain in the past and future;
   b. Mental anguish in the past and future;
   c. Medical care expenses in the past and future;
   d. Loss wages, lost earning capacity and/or loss business income in past and future;
   e. Physical impairment in the past and future;
   f. Disfigurement in the past and future;
   g. Loss of Consortium;
   h. Loss of Household Services
   i. Exemplary Damages

25. As a proximate result of Defendants' negligence, Plaintiffs have suffered personal injuries and seek damages herein.  Plaintiff, LaNita Adkison suffered bodily injuries from the

crash. Plaintiff has also suffered loss of consortium and loss of household services as result of the injuries suffered by Gary Adkison in the crash.  Plaintiff LaNita Adkison seeks damages as follows:

      a. Physical pain in the past and future;

      b. Mental anguish in the past and future;

      c. Medical care expenses in the past and future;

      d. Loss wages, lost earning capacity and/or loss business income in past and future;

      e. Physical impairment in the past and future;

      f. Disfigurement in the past and future;

      g. Loss of Consortium;

      h. Loss of Household Services

      i. Exemplary damages

26. As a proximate result of defendant's negligence, Plaintiff, Brittany King, individually and as representative of the Estate of Ryan King, deceased, seeks survival damages as follows:

      a. Pain and mental anguish for Ryan King;

      b. Funeral and burial expenses for Ryan King;

      c. Exemplary Damages.

27. As a proximate result of defendant's negligence, Plaintiff, Brittany King, surviving spouse of Ryan King, deceased, seeks the following wrongful death damages:

      a. Pecuniary Loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, that Brittany King would have received from Ryan King had he lived, and pecuniary loss that will be sustained in the future.

      b.    Loss of companionship and society sustained in the past and future for Brittany King;

      c.    Mental Anguish in the past and future for Brittany King;

      d.    Loss of inheritance for Brittany King;

      e.    Exemplary Damages.

28.    As a proximate result of defendant's negligence, Plaintiff, Brittany King as next friend for Britton King, a minor, surviving child of Ryan King, deceased, seeks the following wrongful death damages:

      a.    Pecuniary loss sustained in the past and future;

      b.    Loss of companionship and society sustained in the past and future;

      c.    Mental anguish sustained in the past and future;

      d.    Loss of inheritance.

      e.    Exemplary Damages.

29.    As a proximate result of defendant's negligence, Plaintiff, Brittany King as next friend for Beckham King, a minor, surviving child of Ryan King, deceased, seeks the following wrongful death damages:

      a.    Pecuniary loss sustained in the past and future;

      b.    Loss of companionship and society sustained in the past and future;

      c.    Mental anguish sustained in the past and future;

      d.    Loss of inheritance.

      e.    Exemplary Damages.

30.    As a proximate result of defendant's negligence, Plaintiff, Holly Adkison, individually and as representative of the Estate of Bryson Adkison, deceased, seeks survival damages as follows:

      a.      Pain and mental anguish for Ryan King;

      b.      Funeral and burial expenses for Ryan King;

      c.      Exemplary Damages.

31.    As a proximate result of defendant's negligence, Plaintiff, Holly Adkison, surviving spouse of Bryson Adkison, deceased, seeks the following wrongful death damages:

      a.      Pecuniary loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, that Holly Adkison would have received from Bryson Adkison had he lived, and pecuniary loss that will be sustained in the future.

      b.      Loss of companionship and society sustained in the past and future for Holly Adkison;

      c.      Mental Anguish in the past and future for Holly Adkison;

      d.      Loss of inheritance for Holly Adkison;

      e.      Exemplary Damages

32.    As a proximate result of defendant's negligence, Plaintiff, Holly Adkison as next friend for Kennedy Adkison, a minor, surviving child of Bryson Adkison, deceased, seeks the following wrongful death damages:

      a.      Pecuniary loss sustained in the past and future;

      b.      Loss of companionship and society sustained in the past and future;

      c.      Mental anguish sustained in the past and future;

      d.      Loss of inheritance.

      e.      Exemplary Damages.

33.    As a proximate result of defendant's negligence, Plaintiff, Gary Adkison, surviving father of Bryson Adkison, deceased, seeks the following wrongful death damages:

      a.      Pecuniary loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, that Gary Adkison would have received from Bryson Adkison had he lived, and

      pecuniary loss that will be sustained in the future.

    b.    Loss of companionship and society sustained in the past and future for Gary Adkison;

    c.    Mental Anguish in the past and future for Gary Adkison;

    d.    Loss of inheritance for Gary Adkison;

34. As a proximate result of defendant's negligence, Plaintiff, LaNita Adkison, surviving mother of Bryson Adkison, deceased, seeks the following wrongful death damages:

    a.    Pecuniary loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, that Lanita Adkison would have received from Bryson Adkison had he lived, and pecuniary loss that will be sustained in the future.

    b.    Loss of companionship and society sustained in the past and future for Lanita Adkison;

    c.    Mental Anguish in the past and future for Lanita Adkison;

    d.    Loss of inheritance for LaNita Adkison.

## I.    JURY DEMAND

35. In compliance with Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby notify all parties of Plaintiffs' demand to a jury trial.

## J. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear herein as required by law and that on final hearing hereof, Plaintiffs have judgment against Defendants, for whatever sums of money they may show themselves justly entitled, together with prejudgment and post-judgment interest as provided by law, for interest on the judgment at the highest legal rate, for costs of suit, and for such other and further relief to which Plaintiffs may show themselves justly entitled, either at law or in equity.

Respectfully submitted,

**MARTIN ● WALKER, PC**


 */s/ Jack Walker*
John F. (Jack) Walker, III
Texas Bar No. 00785167
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Facsimile
jwalker@martinwalkerlaw.com

ATTORNEYS FOR PLAINTIFFS

16