IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ADKISON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-02014-M |
| | § | |
| POLARIS INDUSTRIES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7). (ECF No. 78). For the reasons stated below, the Motion is **GRANTED in part**. The following claims are **DISMISSED without prejudice** for lack of capacity under Fed. R. Civ. P. 12(b)(6): Plaintiffs Gary and LaNita Adkison's survival claims as representatives of the Estate of Bryson Adkison, and Plaintiff Brittany King's survival claims as representative of the Estate of Ryan King. These claims may be reasserted by Plaintiffs as "representatives" only if they become executors or administrators of the Estates. The decision of whether Plaintiffs Gary and LaNita Adkison may assert survival claims on behalf of Bryson Adkison's heir, Kennedy Adkison, and whether Kennedy Adkison must be joined as a party to Gary and LaNita Adkison's wrongful death claims, will be determined after a hearing as set out herein.

## I. Factual and Procedural Background

Plaintiffs assert the following facts in their Complaint.[1] On August 8, 2016, Bryson Adkison and his brother-in-law, Ryan King, were killed when their vehicle, manufactured by Defendants, crashed down a ravine. (ECF No. 64 ¶¶ 10, 12). Bryson Adkison's parents, Plaintiffs Gary and LaNita Adkison, were also injured in the crash. (*Id.* ¶ 12). Plaintiff Brittany King was Ryan King's wife. (*Id.* ¶ 33). She and Ryan King had two minor children. (*Id.* ¶ 3). Kennedy Adkison is the minor child of Bryson Adkison and his widow, Holly. (*See id.* ¶ 37; *see also* ECF No. 62). Administrations of the Estates of Bryson Adkison or Ryan King are not pending and are alleged to be unnecessary. (ECF No. 64 ¶¶ 19–20).

Plaintiffs Gary and LaNita Adkison, Brittany King, and Holly Adkison filed this suit on August 2, 2018 (ECF No. 1). On August 1, 2019, Holly Adkison filed a Notice of Non-Suit Without Prejudice. (ECF No. 62). In the Notice, Holly Adkison purported to designate her in-laws, Plaintiffs Gary and LaNita Adkison, as representatives of Bryson Adkison's Estate and as next friend of Kennedy Adkison. (*Id.* at 2). The Court dismissed Holly without prejudice on August 14, 2019, noting that Defendants did not oppose the Notice. (ECF No. 63). On September 10, 2019, in a deposition, Holly Adkison stated that she does not want Kennedy Adkison's claims in this case to be pursued "as of right now," and that she would "discuss that as the lawsuit moves forward." (ECF No. 88 at 16–17).

Plaintiffs Gary and LaNita Adkison have asserted survival claims as "representatives" of the Estate of Bryson Adkison, and as next friend of Kennedy Adkison. (ECF No. 64 ¶¶ 36–37). Plaintiff Brittany King has asserted survival claims as "representative" of the Estate of Ryan King. (*Id.* ¶ 32). Defendants move to dismiss all these claims under Federal Rule of Civil

---

[1] All references in this Order to the Complaint refer to Plaintiffs' First Amended Complaint (ECF No. 64), filed August 20, 2019.

Procedure 12(b)(6), for lack of capacity. (ECF No. 78 at 1–2). Plaintiffs Gary and LaNita Adkison also individually asserted wrongful death claims related to Bryson Adkison's death (ECF No. 64 ¶¶ 28–31), which Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(7), for failure to join all necessary parties. (ECF No. 78 at 2).

## II. Legal Standards

### A. Lack of Capacity Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim for failure to state a claim upon which relief can be granted, including lack of capacity to sue. *See Coates v. Brazoria Cty. Tex.*, 894 F. Supp. 2d 966, 968 (S.D. Tex. Sept. 10, 2012). Capacity to sue is determined by the procedural law of the state where the case is pending. *See Angers ex rel. Angers v. Lafayette Consol. Gov't*, No. Civ.A. 07-0949, 2007 WL 2908805, at *1–2 (W.D. La. Oct. 3, 2007) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citing Fed. R. Civ. P. 17(b))). A court must take all factual allegations in the complaint as true when considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Failure to Join a Necessary Party Under Rule 12(b)(7)

Under Federal Rule of Civil Procedure 12(b)(7), a claim may be dismissed for failure to join a necessary party under Rule 19. "Although Rule 19 permits joinder of parties for just adjudication, or necessary parties . . . Federal Rule of Civil Procedure 17(a)[] permits a real party in interest to bring an action in their own name on behalf of others . . . if authorized by statute to do so." *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. Oct. 16, 2001) (relying on Fed. R. Civ. P. 17(a)(1)(G)). "The real party in interest is the person or entity who holds the substantive right to the claim." *Jenkins v. Wright & Ferguson Funeral Home*, 215

F.R.D. 518, 521 (S.D. Miss. May 29, 2003) (citing *Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)).

**III. Analysis**

In a survival claim, "heirs or legal representatives of the decedent's estate may recover for the physical pain, suffering, and property damage sustained by the decedent before death, as well as for medical expenses and other damages." *Borth v. Charley's Concrete Co.*, 139 S.W.3d 391, 395 (Tex. App.— Fort Worth 2004, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code § 71.021. "[A] wrongful death [claim] is separate and distinct, and compensates the spouse, children, and parents for their loss sustained from the death of the decedent." *Ordonez v. Abraham*, 545 S.W.3d 655, 664 (Tex. App.—El Paso 2017, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 71.004(a)).

### A. Plaintiffs Gary and LaNita Adkison's Survival Claims as Representatives of Bryson Adkison's Estate

In Texas, a representative of a decedent's estate generally has the "exclusive capacity" to assert survival claims. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). A "representative" is an executor or administrator of the decedent's estate. Tex. Estates Code §§ 22.031(a)(1), (2).

Here, while Plaintiffs Gary and LaNita Adkison assert survival claims as "representatives" of the Estate of Bryson Adkison (ECF No. 64 ¶ 36), and Holly Adkison purportedly designated them as such in her Notice of Dismissal (ECF No. 62 at 2), Plaintiffs allege that no administration of Bryson's Estate is necessary or pending (ECF No. 64 ¶ 20). Plaintiffs are not executors or administrators, and therefore lack capacity to assert survival claims as representatives of Bryson Adkison's Estate.

### B. Kennedy Adkison's Potential Survival Claims as an Heir to Bryson Adkison's Estate

Heirs can bring survival claims if they "allege and prove that there is no administration pending and that none is necessary." *Lopez-Rodriguez v. City of Levelland*, No. Civ.A. 5:02-CV-073-C, 2004 WL 1746045, at *10–11 (N.D. Tex. Aug. 3, 2004) (citing *Ford Motor Co. v. Cammack,* 999 S.W.2d 1, 4 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). Because Plaintiffs allege that no administration is necessary or pending (ECF No. 64 ¶¶ 19–20), Bryson Adkison's heirs may bring survival claims.

A decedent's parents are only heirs of a decedent if the decedent does not have a spouse or child. Tex. Estates Code § 201.001(c). Bryson Adkison left a widow, Holly, and a daughter, Kennedy. Thus, only Holly or Kennedy may assert survival claims for his Estate.

Defendants argue that Gary and LaNita are neither representatives nor heirs, and that the two-year statute of limitations on survival claims has thus expired (ECF No. 98 at 3), since heirs have not asserted such claims. However, the law is that the statute of limitations is tolled for a minor claimant, even if the minor would be asserting survival claims on behalf of an Estate. *Lofton v. McNeil Consumer & Specialty Pharm.*, 682 F. Supp. 2d 662, 681 (N.D. Tex. Jan. 27, 2010), *aff'd*, 672 F.3d 372 (5th Cir. 2012) (citing *Cnty. of Dallas v. Sempe*, 151 S.W.3d 291, 297 (Tex. App.—Dallas 2004, pet. dism'd w.o.j.)). Because Kennedy Adkison is a minor (ECF No. 64 ¶ 37), the statute of limitations would not bar her from asserting survival claims as an heir to Bryson Adkison's Estate.

### C. Plaintiffs Gary and LaNita's Wrongful Death Claims as Next Friend of Kennedy Adkison

"As a general matter, 'a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state.'" *Arndt v. Wells Fargo Bank NA*, 373 F. Supp. 3d

701, 708 (N.D. Tex. Oct. 18, 2016) (quoting *Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe, LLC*, 589 F. App'x 688, 691 (5th Cir. 2014)). Under Texas law, a mother is an appropriate legal representative for her child. *See* Tex. Fam. Code § 151.001(a)(7).

However, Federal Rule of Civil Procedure 17(c)(2) "requires the court to appoint a guardian ad litem for a minor who is unrepresented." *Rice*, 589 F. App'x at 691. A minor is unrepresented if her legal representative refuses to act or has a conflict of interest with her. *See id.*; *see also Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 29 (2d Cir. 1989). A mother does not have a potential conflict of interest with her child when the mother has dismissed her individual claims, since she has been "effectively remove[d] as a competing claimant for any money obtained in the action." *Philips v. Honda Motor, Co. Ltd.*, No. 3:13-CV-1431-L (BF), 2013 WL 12128781, at *2 (N.D. Tex. Oct. 30, 2013). Thus, the dismissal of Holly Adkison's individual claims does not pose a conflict of interest with her daughter, Kennedy Adkison. However, if Holly Adkison is unwilling to preserve claims on her daughter's behalf, the Court may evaluate that position, and if it deems that position inappropriate, deem Kennedy Adkison unrepresented and appoint a next friend or guardian ad litem on her behalf. In making such a determination, the Court will carefully consider the parent's prerogative to make informed decisions for a child.

In the unpublished decision *Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe, LLC*, 589 F. App'x 688 (5th Cir. 2014), the parents of a car accident victim brought wrongful death claims on behalf of their grandchildren. The district court found that the grandparents lacked capacity to sue, but rather than dismiss the suit, the court ordered the mother to join the case on the children's behalf, or show cause why some other qualified person should not be appointed as next friend or guardian ad litem. The children's mother did not respond, so the district court

6

appointed one grandparent as next friend or guardian ad litem. The Fifth Circuit held it was "reasonable . . . for the district court to conclude that the mother . . . refuse[d] to act . . . essentially le[aving] the children unrepresented. Under these circumstances . . . it was especially important for the district court to exercise oversight of the minors' interest and to be protective of their claims." *Id.* at 691. The court "express[ed] no view on whether [its] holding would apply to a case in which a parent expressly objects to the filing of the lawsuit on her child's behalf." *Id.* (citing *Troxel v. Granville*, 530 U.S. 57, 72–73 (2000) (plurality opinion) ("[T]he Due Process Clause does not permit a State to infringe on the fundamental right of parents to make child rearing decisions simply because a [] judge believes a 'better' decision could be made")).

Here, while in her Notice Holly Adkison described Plaintiffs Gary and LaNita Adkison as next friend of Kennedy Adkison (ECF No. 62 at 2), she later testified that she does not want Kennedy Adkison's claims to be pursued "as of right now," and that she would "discuss that as the lawsuit moves forward." (ECF No. 88 at 16–17). Because it is not clear whether Holly Adkison objects to the assertion of survival claims on Kennedy Adkison's behalf, the Court will afford Holly Adkison the opportunity to state her position before determining whether it should appoint a next friend or guardian ad litem for Kennedy.

### D.  Plaintiff Brittany King's Survival Claims

While Plaintiff Brittany King asserts survival claims as "representative" of Ryan King's Estate (ECF No. 64 ¶ 32), Plaintiffs allege that no administration is necessary or pending (*Id.* ¶ 19). Furthermore, all of Ryan's heirs have executed a family settlement agreement, which asserts that "[t]here are no unsatisfied debts of the Estate." (ECF No. 88 at 4–5; *see also Prato v. Zapata*, 157 S.W.3d 832, 850 (Tex. App.—Fort Worth 2005, no pet.; *Webb v. Livingston*, No. 4:14-CV-3302, 2017 WL 2118969, at *3 (S.D. Tex. May 16, 2017) (holding that no

7

administration is necessary when a family settlement agreement exists, provided that it shows that the heirs "have arranged to pay the debts of the estate . . . .") (citing *Pitner v. United States*, 388 F.2d 651, 656 (5th Cir. 1967))).  Because Plaintiff Brittany King is not an executor or administrator of Ryan's Estate, she lacks the capacity to assert survival claims as a representative of the Estate.

However, as Ryan King's wife, Plaintiff Brittany King can assert survival claims as Ryan's heir.  *See Lopez-Rodriguez v. City of Levelland*, No. Civ.A. 5:02-CV-073-C, 2004 WL 1746045, at *10–11 (N.D. Tex. Aug. 3, 2004) (citing *Ford Motor Co. v. Cammack,* 999 S.W.2d 1, 4 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).  The Court finds that it is in the interest of justice to permit Plaintiffs to amend the Complaint to plead her proper capacity as an heir of the Estate.  *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), *aff'g*, No. Civ.A. 3:02-CV-0862-M, 2003 WL 22846404 (N.D. Tex. Nov. 13, 2003) (Lynn, J., presiding); *see also* Fed. R. Civ. P. 15(a)(2).

Although more than two years have elapsed since the claims arose, "amendments that change the capacity in which the plaintiff brings suit" relate back to the date of the original pleading.  *Flors v. Cameron Cnty., Tex.*, 92 F.3d 258, 273 (5th Cir. 1996) (noting that Federal Rule of Civil Procedure 15(c)(1)(B) provides that "an amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .").  This is because such amendments "merely seek[] to correct a technical difficulty," satisfying the purpose of Federal Rule of Civil Procedure 15(c) by ensuring that the defendant had notice of the claims against it within the allowed time.  *See id.* (internal quotations omitted).

Here, Brittany's claims were asserted in the Original Complaint on August 2, 2018 (ECF No. 1), before the statute of limitations expired. (ECF No. 64 ¶ 10). Thus, the statute of limitations does not bar Plaintiff Brittany King from now asserting survival claims as an heir, rather than as a representative.

**E. Plaintiffs' Wrongful Death Claims**

Under Texas law, "any wrongful death beneficiary may bring a wrongful death action for the benefit of all beneficiaries." *Tex. Health Enters., Inc. v. Geisler,* 9 S.W.3d 163, 169–70 (Tex. App.—Fort Worth 1999, pet. dism'd); *see also* Tex. Civ. Prac. & Rem. Code § 71.004(b) ("The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all"). Even when a suit is not brought for the benefit of all beneficiaries, when a child's mother refuses to sue on behalf of the child— unless the mother reasonably objects to the filing of claims on the child's behalf—dismissal "is not the proper remedy," and a court should appoint a next friend or guardian ad litem. *See Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe*, No. Civ.A. 13-0362, 2013 WL 3557913, at *6 (W.D. La. July 11, 2013), *aff'd*, 589 F. App'x 688, 689 (5th Cir. 2014). Therefore, the Court will determine whether Kennedy Adkison's wrongful death claims will be pursued.

Defendants assert that Plaintiffs Gary and LaNita Adkison's wrongful death claims were not filed within the requisite time period. (ECF No. 98 at 5 n.4). For wrongful death claims, "[i]f none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." Tex. Civ. Prac. & Rem. Code § 71.004(c). However, "statutory beneficiaries may bring a suit outside the three-month window when an administrator for the estate ha[s] not been appointed at the time the lawsuit is filed." *Morin v. Ford Motor Co.*, No. 3:07-CV-1700-L, 2009 WL 2486027, at *7

9

(N.D. Tex. Aug. 12, 2009) (citing *Trostle v. Trostle*, 77 S.W.3d 908, 913 (Tex. App.—Amarillo 2002, no pet.) ("Even though the filing of the lawsuit did not take place within three months following the [decedent's death], no executrix had been appointed prior to the time the lawsuit was filed by two of the beneficiaries")). Because no administrator has been appointed for Bryson Adkison's Estate (*See* ECF No. 64 ¶ 20), Section 71.004(c) does not bar the Court from considering Plaintiffs Gary and LaNita Adkison's wrongful death claims. Holly has given up her claims. What will happen with Kennedy's wrongful death claims will be determined by the Court after the hearing below, and that decision will clarify what wrongful death claims Gary and LaNita may pursue.

For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(7) is **GRANTED in part**. (*See* ECF No. 78). The following claims are **DISMISSED without prejudice** for lack of capacity under Fed. R. Civ. P. 12(b)(6): Plaintiffs Gary and LaNita Adkison's survival claims as representatives of the Estate of Bryson Adkison, and Plaintiff Brittany King's survival claims as representative of the Estate of Ryan King.

To determine whether Plaintiffs Gary and LaNita Adkison may assert survival claims on behalf of Bryson Adkison's heir, Kennedy Adkison, and whether Kennedy Adkison must be joined as a party to Gary and LaNita Adkison's wrongful death claims, a hearing is **SET** for **February 24, 2020, at 9:00 a.m.** At this hearing, the Court will afford Holly Adkison the opportunity to state her position on whether Kennedy Adkison's claims should be pursued in this case, before it determines whether to appoint a next friend or guardian ad litem for Kennedy. Counsel and Gary and LaNita Adkison and Holly Adkison Craycraft shall convene in Courtroom 1570, Earle Cabell Federal Building, 1100 Commerce St., Dallas, Texas.

At the hearing, counsel for Defendants and Gary and LaNita Adkison should be prepared to discuss whether Defendants would be exposed to the risk of future wrongful death claims by Kennedy Adkison for Bryson Adkison's death if the Court does not order her joined in this case.

**SO ORDERED**.

January 13, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE