THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ADKISON, LANITA ADKISON, BRITTANY KING, Individually and as Heir of the Estate of RYAN KING, and as next friend for B.S.K. and B.A.K., Minors, And Heirs of the Estate of RYAN KING, and HOLLY ADKISON CRAYCRAFT, as next friend for K.G.A., a Minor and Heir of the Estate of BRYSON ADKISON,<br><br>　　Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES, INC. ("Polaris Industries"), POLARIS INDUSTRIES, INC. ("Polaris of Delaware"), POLARIS SALES, INC. ("Polaris Sales"),<br><br>　　Defendants. | §§§§§§§§§§§§§§§§§§§§ | Case No. 3:18-cv-02014-M<br><br>Jury Trial Requested |

### DEFENDANTS' LIMITED OBJECTION TO GUARDIANS AD LITEM'S REPORTS AND RECCOMENDATIONS

Defendants Polaris Industries Inc. and Polaris Sales, Inc. (collectively "Polaris"), by and through their counsel of record, hereby file a narrow objection to the October 27, 2021 Reports and Recommendations of the Guardians Ad Litem ("Reports") submitted to the Court limited solely to the recommended allocation of all costs and fees of the Guardians Ad Litem to Polaris.

### INTRODUCTION

This Court is being asked to determine whether the settlements agreed to by Plaintiffs and Defendants are in the best interests of the minor Plaintiffs and should be approved. To that end, the Court appointed Guardians Ad Litem ("GALs") for the minor plaintiffs to review the settlement terms and advise the Court. On October 27, 2021, the GALs submitted their Reports to

1

the Court. Polaris commends the GALs for concluding that the settlements were appropriate and in the best interests of the minor plaintiffs. Polaris has no objection to the substance of the GALs' conclusions, but does object to the GALs' recommendation that Polaris be required to pay the GALs' fees and costs.

## DISCUSSION

On September 8, 2021, the Court appointed Brooke Ginsburg Guerrero as the GAL for K.G.A., a minor. The Court also appointed Faith Bruner as the GAL for B.A.K. and B.S.K., minors. When this Court appointed the GALs, the Court specifically stated:

> The parties shall file a response no later than seven days after receipt of Ms. Ginsburg Guerrero and Ms. Bruner's reports. ***The Court assumes that Plaintiffs shall bear the cost of all guardian ad litem fees.*** If that is not the case, the parties shall advise the Court in their responses.

(Dkt. No. 163)(emphasis added).

The GALs have now reviewed key documents in the case, spoken with counsel for all parties, and consulted with the parents of the minor Plaintiffs. On October 27, 2021, the GALs submitted their confidential Reports to the Court. Both GALs found:

- the aggregate settlement amount to be fair and reasonable;
- the allocation of the settlement proceeds equally among the four Plaintiffs to be fair and reasonable;
- that Plaintiffs' counsel should be awarded a 37% attorney's fee out of each Plaintiff's recovery;
- that Plaintiffs' counsel's expenses should be reimbursed to Plaintiffs' counsel out of each Plaintiff's recovery;
- that the minors' settlement proceeds be used to purchase annuities to allow for tax-free growth and the payment of college expenses; and
- that Polaris should be ordered to pay the GALs' fees and expenses.

2

Polaris has no objection to any of the recommendations in the Reports other than the proposal that Polaris pays the GALs' fees and expenses.  As part of this settlement, Polaris agreed to pay a one-time lump-sum settlement payment as set forth in a Confidential Settlement Agreement and General Release (the "Settlement Agreement") between the parties.  In exchange, Plaintiffs agreed to provide Polaris with a general release, dismiss the pending litigation, and maintain the confidentiality of the settlement terms.  In addition, pursuant to Paragraph 8(c) of the Settlement Agreement, Plaintiffs agreed as follows:

> <u>Liens, Subrogation Claims, and Other Expenses</u>.  Plaintiffs further warrant and represent that all valid liens and claims for reimbursement; all Medicare liens; Medicare Conditional Payments; all claims under or subject to the Medicare Secondary Payer statute (42 U.S.C. § 1395(y); all subrogation interests; all medical and hospital expenses; all attorney's fees, expert and consultant fees, and other expenses; and all other costs and obligations arising out of, or related to, or in connection with the Incident, the Subject Vehicle, or the Litigation either have been paid or will be resolved without any further demand upon, or liability of, the Released Parties.

(Settlement Agreement ¶ 8(c).)  Based on the discussions of counsel for the parties at the time of the settlement and as memorialized in Paragraph 8(c) of the Settlement Agreement, Polaris understood that it was obligated to pay the one-time lump-sum settlement payment and nothing more.  This provision limits Polaris's liability to the Settlement Amount, and places responsibility on Plaintiffs for "all other costs and obligations" which would include the GALs' fees and expenses. The parties engaged in long and hard settlement negotiations that stretched for three weeks after the mediation, and Polaris only agreed to come up to the final Settlement Amount with the understanding that it would not be asked to pay anything additional.  This agreement was memorialized in Section 8(c) of the Settlement Agreement, capping Polaris's financial contribution at the Settlement Amount.  Consistent with Section 8(c), Polaris asks the Court to order Plaintiffs to pay the GALs' reasonable and necessary fees and expenses.

## **CONCLUSION**

For the reasons set forth above, Defendants ask this Honorable Court to Order the Plaintiffs to pay the reasonable and necessary fees and expenses of the Guardians Ad Litem, and for such other and further relief as this Court finds just.

Respectfully submitted,

Date: November 3, 2021

 /s/ Scott A. McMillin
SCOTT A. MCMILLIN
DAWN M. BEERY
*(Admitted Pro Hac Vice)*
BENESCH, FRIEDLANDER, COPLAN &
  ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
smcmillin@beneschlaw.com
dbeery@beneschlaw.com


JOHNATHAN B. SKIDMORE
KATHERINE P. LETT
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
jon.skidmore@nortonrosefulbright.com
katherine.lett@nortonrosefulbright.com

*Attorneys for Polaris Industries Inc. and Polaris Sales, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of November, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to each counsel of record. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Scott A. McMillin
Scott A. McMillin

5